PHŒBE  HYLAND

*v.*

JOHN  HYLAND

In estimating the time during which a willful and obstinate desertion shall continue, where, during such desertion and before its completion, the deserter shall be imprisoned upon due conviction of a crime non-political, the term of his imprisonment, in virtue of the supplement to the Divorce act, approved April 1st, 1887 (*Gen. Stat. p. 1273 § 37*), must be excluded.

On petition for divorce, master's report and proofs.

*Mr. William J. St. Lawrence,* for the petitioner.

THE CHANCELLOR.

The petitioner sues her husband for divorce *a vinculo matri-monii,* because of his willful, continued and obstinate desertion of her for two years prior to the commencement of this suit in February, 1896.

The proof is that he separated himself from her on January 18th, 1894, and that on the 27th of December, 1895, while he was yet separated from her, upon being convicted of assault and battery, he was duly committed to prison for a term which had not expired when this suit was commenced.

The proofs satisfy me that the separation constituted a willful and obstinate desertion upon the part of the defendant. It was testified that, after the citation and certified copy of the petition in this suit were served upon him in prison, he declared that he was glad that the petitioner had brought suit; that he was through with her and would not live with her again.

If it were not for the supplement to the Divorce act, approved April 1st, 1887 (*Gen. Stat. p. 1273 § 37*), which enacts,

"that willful and obstinate desertion shall be regarded, held and construed by the courts of this state having cognizance of causes of divorce to be 'continued' within the meaning of the third section of the act to which this act is a supplement, notwithstanding that after such desertion has or shall have begun, the deserting party has or shall have been in prison in this or any other

state or country, upon conviction by due process of law for a crime, misde-
meanor or offence, not political, committed in this or any other state or
country; provided, that such desertion has continued or shall have continued
without interruption a sufficient length of time after such deserting party's
discharge from such imprisonment, to make up, when added to the period of
uninterrupted desertion prior to such imprisonment, the full period of three
years,"

I would have no difficulty in reaching the conclusion of the
master, that the divorce should be granted.

The gravamen of the desertion contemplated by the third sec-
tion of our Divorce act, is not the mere physical absence of one
of the married couple from the other, but such absence in a
prescribed condition of mind—a willful and obstinate absence.
The continuance of the offence, if the indicated condition of mind
continues to exist in the deserter, is not interrupted by his
deprivation of physical freedom.

The decision in the case of *Wolf* v. *Wolf, 11 Stew. Eq. 128,* is
entirely in accord with this view. In that case it was held that
the desertion terminated while the deserter was in prison, even
though he could not go to his wife, because his mental attitude,
while he was in prison, so changed that his absence from her
was no longer willful and obstinate.

But effect must be given to the act of 1887. It, in short, pre-
scribes that desertion once commenced shall be held to continue
in spite of imprisonment of the deserter, provided its continu-
ance prior to such imprisonment, added to its continuance after
discharge from such imprisonment, shall be three years in the
aggregate.

If it should be held that this statute is not intended to be
applicable to a case where the willful and obstinate intent con-
tinues during imprisonment, I am at a loss to know its purpose
or office. It cannot apply where such intent ceases during im-
prisonment and a desire, in the deserter, to return to the deserted
party arises, for there the mental condition which distinguishes
desertion, under the statute, from mere physical separation, is
absent, and no desertion such as the third section contemplates
exists to continue after the imprisonment.

The act, I think, plainly contemplates a desertion under the
third section, commenced before imprisonment which continues

through and after the imprisonment. It appears to me to have had its origin in a misconception that it was the meaning of the third section, which was in force at its enactment, that depriva-tion of freedom to the deserter's body would destroy the continu-ity of a desertion previously commenced. It is upon the as-sumption that such was the meaning of the third section, it seems, that it proceeded to prescribe a rule which requires the exclusion of a term of imprisonment, of the character it defines, which may happen during desertion, and permits the tacking together of the two ends of the desertion, which may be outside such imprisonment. The statute, I think, enacts a new rule, excep-tional from the general rule of the third section of the Divorce act, which is applicable to the case under consideration.

It is obvious, under this view, that when the petition in this case was filed the petitioner had no cause of action.

The petition will be dismissed.